## SUPERIOR COURT.

OSSIAN GREGORY and others agt. APPLETON OAKSMITH and others.

An improper joinder of parties is not a ground of demurrer.

*Special Term, Feb.*, 1856.

THIS was an action by part-owners of a vessel, against the ship's husband, for not insuring the vessel, her freight, &c. The complaint set forth, that the remaining part-owners had been applied to by the plaintiffs to join in the action as plaintiffs, and had declined so to do, and were for that reason made defendants.

The defendant, Oaksmith, demurred for a defect of parties.

WILLIAMS & BARNARD, *for plaintiffs.*
BEEBE & DONOHUE, *for defendant, Oaksmith.*

SLOSSON, Justice. The improper joinder of parties is not a ground of demurrer, even if it appeared on the face of the complaint that such improper joinder existed, which it does not. It is only for defect or want of parties that a demurrer lies. (§ 144, *Code.*)

Leary is properly made a party defendant. (§ 119, *Code.*)

It is no part of the duty of a ship's husband, as such, to effect insurance for the owners, any more than it is the duty of one partner to effect insurance of the entire ship. Each owner has a distinct property, and must protect his own interest, unless

by common agreement they provide for insurance to be effected through the agency of one of their number.

A ship's husband may, however, be specially authorized by the owners to effect insurance of their interests; or it may become his duty to do so by reason of the custom, or usage, of the port to which the vessel belongs.

The complaint alleges, "that by the custom of merchants at the city of New-York, as such ship's husband, as well as by the understanding and agreement of the said Oaksmith and the said plaintiffs, and said Leary, (the co-defendant and co-owner with the plaintiffs,) and as such agent, &c., it became, and was the duty of said Oaksmith, and said Oaksmith was possessed of full power, authority, and means, in all respects, for said plaintiffs and said Leary, to obtain insurance, &c."

I understand this averment to assert, or to intend to assert, that the duty to insure devolved upon the defendant both by the agreement of himself with the owners, and by the usage and custom of the port of New-York regulating the practice of ship's husband.

If this be proved, a clear cause of action is made out.

The whole amount of interest represented by the parties to the action, as far as the complaint developes it, is only six-sevenths of the vessel.

It is nowhere alleged that Oaksmith owned the other one-seventh, nor is any party named who does.

Here, if anywhere, there is a defect of parties; but as a majority in interest may, I think, appoint the ship's husband, and as there is a distinct allegation that the defendant was ship's husband of the ship, and the outstanding owner represents one-seventh only, the inference is that if not appointed by all the joint owners he was by those represented in the suit, who constitute a great majority. Then, as their shares are separate and distinct, there can be no objection to their recovering their several proportions of loss.

The demurrer is overruled, with costs.